IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-01917-REB-MJW

DENNIS MICHAEL BLAY,

Plaintiff,

v.

JOHN REILLY, Head Supervisor JVP Industries,
RICHARD GRAHAM, Supervisor JVP, and
CHARLIE PELLITIER, Supervisor JVP,

Defendants.

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF
## (Docket No. 209)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on January 8, 2002. The case was subsequently reassigned by Judge Miller to Judge Robert E. Blackburn on March 12, 2002 (Docket No. 27).

Before the court is the pro se incarcerated plaintiff's Motion for Injunctive Relief in which he complains that on March 25, 2008, Ms. Smith, a law library employee at Colorado Territorial Correctional Facility, would not allow plaintiff to work on his

response to defendants' motion for summary judgment.[1] Plaintiff asserts that Ms. Smith informed him that the law library could be used only for post-conviction motions and that plaintiff could not work on a civil lawsuit in "her" law library. She further allegedly stated that even if plaintiff was able to type out motions, she would not notarize, copy, or supply any more paper or envelopes for his complaint. Plaintiff claims he has talked to his case manager, has talked to and sent a letter to the Associate Warden about the matter, and even filed a grievance on April 9, but he has not received a response. Plaintiff asserts that Ms. Smith has since denied him access to the law library, thereby denying him access to the courts.

Plaintiff does not specify the injunctive relief he seeks, but this court nevertheless recommends that the motion be denied for the following reasons. First, plaintiff states he did not serve a copy of the motion on the defendants. While he claims he could not do so because he cannot obtain copies through the law library, there is no indication that he could not make a hand-written copy of the motion to send to defense counsel. Moreover, as plaintiff himself notes in his motion, this action concerns conditions of confinement at another correctional facility, Limon Correctional Facility, and this court notes that Ms. Smith is not a named defendant in this action. Plaintiff cannot obtain injunctive relief in this action against such non-party. The

---

[1] Defendants' motion for summary judgment (Docket No. 195) was filed on January 28, 2008, and, therefore, plaintiff's response to the motion was due well before March 25, 2008. In fact, this court issued a report and recommendation on the defendants' motion on March 27, 2008. (Docket No. 205). On March 16, 2008, plaintiff did file an "Objection to Defendant's [sic] Motion for Summary Judgement [sic] and District Courts Granting Said Motion." (Docket No. 208).

3

defendants in this action lack the authority to provide plaintiff with injunctive relief concerning use of the law library at another correctional facility.

**RECOMMENDED** that the plaintiff's Motion for Injunctive Relief (Docket No. 209) be denied.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: April 16, 2008            s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                            United States Magistrate Judge